# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATIVE EXPLORATION OPERATING, LLC, a foreign limited liability company, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| -vs- | ) Case No. CIV-19-1176-F<br>) |
| 9SPOT ENERGY, LLC, a foreign limited liability company, | )<br>)<br>) |
| Defendant. | ) |

## **ORDER**

The court is in receipt of the Second Amended Complaint filed under seal on January 6, 2020. Doc. no. 9. As previously advised, the citizenship of plaintiff, a limited liability company, is determined by the citizenship of its members. *See*, Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018). According to the Second Amended Complaint, plaintiff's sole member is Native Exploration Holdings, LLC, which is also a limited liability company. Therefore, Native Exploration Holdings, LLC's citizenship is determined by the citizenship of its members. Although the Second Amended Complaint discloses the four members of Native Exploration Holdings, LLC, two of those members are limited partnerships, one is a limited liability company and one is a corporation. The Second Amended Complaint provides the required jurisdictional information for the corporation but not the required jurisdictional information for the limited partnerships and the limited liability company.

The Second Amended Complaint fails to identify the members of the limited partnerships (both general and limited partners), *see*, Carden v. Arkoma Associates,

494 U.S. 185, 195-196 (1990), and the citizenship of those members. It also fails to identify the members of the limited liability company and the citizenship of those members. If any member of the limited partnerships or limited liability company is an individual, the individual and the state where the individual is a citizen (as opposed to a resident) must be identified. If any member is a business entity, then the business entity must be identified and the required jurisdictional information pertaining to that business entity must be identified.

Plaintiff must trace the citizenship of its member, Native Exploration Holdings, LLC, through "however many layers [] there may be." *See*, D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011).

Accordingly, plaintiff is **DIRECTED** to file, within seven business days, a Third Amended Complaint, which provides all missing jurisdictional information with respect to its sole member, Native Exploration Holdings, LLC. The Third Amended Complaint may be filed under seal.

IT IS SO ORDERED this 7th day of January, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-1176p003.docx